UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Ramon Ramirez Rodriguez
(A-Number: A-075-899-070),

Petitioner,

v.

Warden of the Golden State Annex
Detention Facility; Current or Acting Field
Office Director, San Francisco Field Office,
United States Immigration and Customs
Enforcement; Current or Acting Director,
United States Immigration and Customs
Enforcement; Current or Acting Secretary,
United States Department of Homeland
Security; and Current or Acting United
States Attorney General,

Respondents.

No.  1:26-cv-04325-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
IMMEDIATE RELEASE

Doc. 1

Petitioner Ramon Ramirez Rodriguez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 7.  While respondents state that

1

"case is not materially distinguishable from the cases cited in the Court's Minute Order based on the Court's finding that section 1226 rather than 1225(b)(2) applies to noncitizens who are found to be illegally present inside the United States," *see* Doc. 9 at 2, they also argue that "there is no indication based on the information currently available that Petitioner was seeking any type of legal status in the U.S.," and they note that petitioner previously voluntarily returned to Mexico in 2000. *Id.*

But the issue is not whether petitioner has applied for immigration benefits, but whether respondents may detain petitioner under 8 U.S.C. § 1225(b)(2) pending removal proceedings, which appear to have just been initiated. *See* Doc. 9-1. While respondents note that petitioner voluntarily departed the United States in 2000, they fail to explain the relevance of this fact. *See* Doc. 9 at 2; Doc. 9-2 at 3. The fact that immigration officials permitted petitioner to voluntarily depart on a prior occasion shows that he was not ordered removed, because immigration officials may grant voluntary departure only "in lieu of" initiating removal "proceedings under [8 U.S.C. §] 1229a" or "prior to the completion of such proceedings." 8 U.S.C. § 1229c(a)(1). Respondents do not raise any other arguments to differentiate this case from the cases cited by the Court.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the petition for writ of habeas corpus is GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondents release petitioner Ramon Ramirez Rodriguez (A-Number: A-075-899-070) immediately.[1] If respondents seek to re-detain petitioner, they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its

---

[1] This Order does not preclude respondents from including supervision requirements upon petitioner's release.

implementing regulations, at which petitioner's eligibility for bond must be considered.[2]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    June 18, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3